FILED

2012 Aug-31  PM 12:44
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **SHANON JUNELL,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **Civil Action No.:** |
| | ) **2:12-cv-02642-WMA** |
| **LVNV FUNDING, LLC,** | ) |
| | ) |
| **Defendant.** | ) |

---

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO STRIKE PORTION OF PLAINTIFF'S COMPLAINT

---

COMES NOW the Plaintiff, Shanon Junell, and responds to Defendant's Motion To Strike (Doc. 6) by respectfully requesting that this Honorable Court DENY the Motion in its entirety.

## **INTRODUCTION**

Judge Proctor ruled on an identical Motion to Strike filed by LVNV and denied the Motion to Strike in its entirety. This Order, dated August 28, 2012, is attached as Exhibit "A" and will be discussed in detail in the argument. *Foshee v. LVNV Funding, LLC,* 2:12-cv-2630-RDP.

The relevant facts giving rise to the suit can be summarized as follows:

Defendant LVNV is a debt buyer (a "debt collector" under the Fair Debt Collection Practices Act) that sued Plaintiff.  (Complaint at ¶¶ 2; 43).  Plaintiff did not owe Defendant LVNV the debt that it was collecting.  (Complaint at ¶ 2).

Defendant LVNV had no intention of proving its case against Plaintiff. (Complaint at ¶ 3).

As with all of its lawsuits it files in Alabama, Defendant LVNV hoped Plaintiff would not respond and a default judgment could be entered.  (Complaint at ¶¶ 4; 26; 38).

Plaintiff answered.  (Complaint at ¶ 53).

The case was set for trial.  (Complaint at ¶ 59).

Defendant LVNV made no attempt to prove its case and judgment was entered against Defendant LVNV.  (Complaint at ¶¶ 38; 62-64).

Before, during, and after the lawsuit, Defendant LVNV credit reported that Plaintiff owed the debt even though this was untrue.  (Complaint at ¶¶ 66-67).

Plaintiff filed this suit against LVNV.

Instead of answering the Complaint, Defendant filed this Motion to Strike.

Ironically, Defendant's Motion attacking Plaintiff's Complaint is puzzlingly filled with the following highly charged words and phrases (over 30 of them) describing the supposedly scandalous and prejudicial language of Plaintiff's Complaint:

**"argumentative; broad generalizations; confuse; confusing; criticize; designed to scandalize; dislike; elicit sympathy; false impression; immaterial; impermissibly influence; impertinent and argumentative averments; impression of rampant wrongdoing; inflammatory; irrelevant; legitimize unsubstantiated allegations; negative impression; negative light; poison the jury's perception; ploy; pointlessly incite anger; prejudicial; promotional rhetoric; provocative accusations; redundant; rhetoric; rigged; scandalize; scandalous; self-serving; self-serving arguments; sensationalism; sensationalized arguments; and traps."**

It is difficult to make the hyperbolic and overly aggressive language quoted above fit with the Complaint in the present case, which lays out one fact per paragraph, the background of debt buyer lawsuits in Alabama, what happened between the parties, the history of numerous lawsuits and judgments against Defendant LVNV in Alabama for the same or similar conduct, and then the causes of action.

## LAW REGARDING MOTIONS TO STRIKE

Judge Proctor in *Foshee v. LVNV* states on Page 1 as follows:

Federal Rule of Civil Procedure Rule 12(f) states that a court "may strike from a pleading ... any redundant, immaterial, or scandalous matter." Fed. R. Civ. P. 12(f). However, a motion to strike is a "drastic remedy to be resorted to only when required for the purposes of justice ... ." *Augustus v. Bd. of Public Instruction of Escambia Cnty. Fla.*, 306 F.2d 862, 868 (5th Cir.1962) (quoting *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953)). This standard has been interpreted to mean that a motion to strike should be denied unless the challenged allegations in the complaint "have no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." *Royal Ins. Co. of America v. M/Y Anastasia*, 1997 WL 608722 at *3 (N.D. Fla. 1997) (citing *Reyher v. Trans World Airlines, Inc.*, 881 F.Supp. 574, 576 (M.D. Fla.

1995)).  As phrased by Wright and Miller, "it must be shown that the allegations being challenged are so unrelated to the plaintiff's claims as to be unworthy of any consideration as a defense and that their presence in the pleading throughout the proceeding will be prejudicial to the moving party." 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1380 (3d ed.2004) (citations omitted).

Prior to Judge Proctor's ruling, a motion to strike "background paragraphs" was filed and ruled on only a few months ago in a similar FDCPA case[1] against a debt collector in the Southern District of Alabama.  Denying the motion, Senior Judge Butler noted the following:

> After briefly setting out the parties as well as the bases for jurisdiction and venue, the complaint allots 12 pages (¶¶ 9-47) to "background information" regarding 'the debt collection industry in which Defendant participates' which is followed by two pages of legal argument.  Defendant argues that this much of this information is prejudicial because of its potential affect on the jury.  However, the <u>information provided to the jury at trial is derived from the Joint Pretrial Order, not from the complaint</u>.[2]

Page two of April 9, 2012, Order in *Deakle v. Cavalry SPV I, LLC* (12-00216-CB-N) (Emphasis added) (attached as Exhibit "B").

Since the U.S. Supreme Court's rulings in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009), there is still some level of confusion as to exactly what standard of "plausibility" is required for

---

[1] The suit was brought against a debt buyer who allegedly sued the Plaintiff with no intention of proving its case and the debt buyer lost in Alabama state district court.

[2] Judge Butler also noted that "excising portions of the complaint is not an efficient use of judicial resources."  Order at 2.

a federal court complaint.  *See, e.g., Swanson v. Citibank, NA*, 614 F.3d 400 (7th Cir. 2010).  *Swanson* held "the plaintiff must give enough details about the subject-matter of the case to present a story that holds together."  614 F.3d at 404.  Stated slightly differently, "A more complex case . . . will require more detail, both to give the opposing party notice of what the case is all about and to show how, in the plaintiff's mind at least, the dots should be connected."  614 F.3d at 405.

Judge Posner's dissent[3] in *Swanson* discusses his view on plausibility and inferences.  The teaching point from Judge Posner's dissent is that a Plaintiff leaves out helpful allegations at the Plaintiff's own risk.  614 F.3d at 407-12.

The Complaint in this case contains allegations that connect the dots and provide the coherent story of what is happening, why Defendant LVNV is doing what it is accused of doing, and the violations of the law that result from the alleged wrongdoing.

Guided by the standards on motions to strike and by the new pleading rules set forth in *Twombly* and *Iqbal*, Junell will respond briefly to the arguments of Defendant below.

---

[3] A year after *Swanson* was decided, the court in *McCauley v. City of Chicago*, 671 F.3d 611, 616-17 (7th Cir. 2011), seemed to go to some lengths to distinguish *Swanson* and to affirm a dismissal for failure to plead a plausible case.  Finally, a dissenting opinion by eight judges for failure to rehear *en banc* in *Starr v. County of Los Angeles*, 659 F.3d 850, 852 (9th Cir. 2011), summarizes the somewhat confused landscape of pleading requirements, and specifically points to *Swanson* as an example of how "courts have struggled to determine precisely what *Iqbal* requires . . . ."

## LEGAL ARGUMENT

**I.   The Paragraphs in Question Show a Pattern of Conduct and Habit of Defendant**

In the *Foshee* Order, Page 2, Judge Proctor states as follows:

The matters sought to be excluded from the Complaint are relevant to show an alleged pattern of conduct. Although Federal Rule of Evidence. 404(b) prohibits the introduction of prior bad acts to prove a defendant's bad character or that he acted in conformity therewith, "the Rule does not preclude the introduction of such evidence to demonstrate a defendant's plan, motive, opportunity, intent, pattern, etc." *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1301 (11th Cir. 2001). Moreover, Rule 406 provides that:

> Evidence of the habit of a person or of the routine practice of an organization, whether corroborated or not and regardless of the presence of eyewitnesses, is relevant to prove that the conduct of the person or organization on a particular occasion was in conformity with the habit or routine practice.

Fed.R.Evid. 406.

Plaintiff is only pursuing a claim in her own name and is not, by mentioning an alleged pattern of conduct, attempting to assert a claim on behalf of any other person. Therefore, no confusion or prejudice will be caused by the portions of the Complaint objected to by Defendant. Courts have generally been unwilling to grant motions to strike unless there is a showing of prejudicial harm. *Tracfone Wireless, Inc. v. Access Telecom, Inc.*, 642 F.Supp.2d 1354, 1360–61 (S.D. Fla. 2009). Defendant has made no such showing here.[1]

[FN 1]  To the extent Defendant is concerned about prejudice before a jury, Defendant may, at an appropriate time, raise appropriate evidentiary issues by filing a motion in limine.

*Foshee*, 2:12-cv-2360-RDP at p. 2 (N.D. Ala. Aug. 28, 2012)(Exhibit "A").

**II.     Background Paragraphs 12-37 Provide The Necessary Context To Understand The Defendant's Misconduct**

The background information, which Defendant criticizes specifically relates to Defendant as set forth in Paragraph 38:  "The factual allegations above [12-37] relate directly to Defendant LVNV concerning the filing of the lawsuit by Defendant LVNV and its lack of any intent or ability to prove its case against Plaintiff who does not owe Defendant LVNV any money on this account."

Notably, this paragraph was not quoted, acknowledged, or even hinted at by Defendant in its motion to strike.

Defendant states "[t]hese averments, if true, would not prove Plaintiff's case and would likely be inadmissible regardless."  (Doc. 6, Motion at 5).

Actually, if at trial it is proved Defendant LVNV specifically (and the debt buyer industry in general) files numerous cases in Alabama with no intent to prove them and makes misrepresentations about the debts, then this is critically important to Plaintiff's case as damages and causes of action dependant on the intent and knowledge of Defendant.

The Fair Debt Collection Practices Act (FDCPA) sets forth rules that debt collectors, including the debt buyer Defendant LVNV, must follow.  It sets forth damages that can flow from violations of the Act, including "statutory damages." The amount of statutory damages is governed by the FDCPA:

> In any individual action under subsection (a)(2)(A), the **frequency** and **persistence** of noncompliance by the debt collector, the **nature of such noncompliance**, and the **extent to which such noncompliance was intentional** . . . .

15 U.S.C. Section 1692 k(b)(1) (emphasis added).

Another example is the Malicious Prosecution/Abuse of Process (Count V), which requires an inquiry into the state of mind of the Defendant, including by circumstantial evidence.  (Doc. 1, Compl. pp. 18-20).  Thus it is important to see what the Defendant has done, in Alabama, with respect Defendant's intention in filing the collection lawsuit and what it intends with all of its collection lawsuits filed in Alabama.  Is this an unusual occurrence that only affects Plaintiff or is this the business model and practice of Defendant?  Will Defendant say it is following the industry standard?  What is the practice in the industry?

Punitive damages are to punish and deter and the facts pled must show that punitive damages are appropriate.  Such allegations include knowledge, intent, frequency of conduct and pattern and practice.

While Defendant complains about whether a jury will like the Defendant or not (Doc. 6, Motion at 7), this is not the applicable standard.  If Defendant has violated the law against Plaintiff and it is part of a pattern and practice of doing this to others in Alabama, a jury very well might not appreciate this.

This is not unfair.  This is a consequence of bad actions.

Finally, Defendant says it can't answer these paragraphs.

Actually, it can.  It can either admit or deny these allegations.  If it thinks that not all cases are handled the way that is described in these paragraphs, then deny.  Otherwise, if it knows the paragraphs are true, then admit them.

### III.    Paragraphs 39-42 Refer Or Quote Federal Law Which Is Not Unfair, Scandalous, Or Inflammatory; Instead, It Is Simply The Law

This may be the most telling of all of the arguments of Defendant.  Here is the argument:  Plaintiff refers to and cites to the FDCPA and bolded part of it. This will lead the jury to hate the Defendant so it must be stricken.

The premise of this argument is that a law passed in 1977 really doesn't matter anymore.  "The events occurring in 1977 which prompted the enactment of the FDCPA do not make the events and issues in this case more likely to be true." (Doc. 6, Motion at 9).

It is difficult to understand how quoting and bolding[4] the very federal statute that the jurisdiction of the court is based upon and that forms a critical part of the lawsuit, is unfair and should be stricken.

The Congressional findings and purpose are clear – the question is will the Defendant admit it?  This will influence discovery and the way the trial will flow.

---

[4] The "bolding" theory of Defendant – that bolding a statute creates scandal or other improper results -- is unsupported by reason or case law.  (Doc. 6, Motion at 8).

The Constitution is older than the FDCPA but no legitimate arguments are made that it can be ignored or that the Bill of Rights is unnecessary. Or that the Civil Rights Act is not needed any more. This "outdated law" argument is simply baseless and invalid.

Besides all of this, the Defendant is most likely aware that FDCPA has been amended in 1986, 1989, 1991, 1992, 1995, 1996, and 2006. Congress deemed it appropriate to leave in the "Congressional Findings and Declaration of Purpose."

## IV. Paragraphs 79-87 Are Simple Factual Allegations That LVNV Can Admit Or Deny About Lawsuits And Judgments Against It In Alabama

These 8 paragraphs provide proper context to the actions of Defendant LVNV as far as lawsuits being filed against it for the same type of alleged wrongdoing as the present case. These go to the knowledge of Defendant LVNV and to whether the present case is a typical or an unusual situation. These paragraphs are either factually true or false and can be admitted or denied.

Defendant wrings its hands over the difference in types of judgments. A judgment is a judgment. For example, paragraph 81 references "[j]udgments exist in this state against Defendant for this same type of wrongful conduct." (Doc. 1, Compl. at ¶ 81).

Defendant can agree or disagree. To inject an issue of whether it was a consent judgment or not, is not before the Court – what is before the Court is Defendant can admit these paragraphs or Defendant can deny these paragraphs.

There is no scandal.  These allegations are not "traps" as asserted on page 10 of the Motion.  To admit Defendant has been sued does not mean it is guilty of the conduct.

To admit there are judgments for the same types of allegations may have negative consequences, but Rule 12(f) does not protect a Defendant from consequences of its actions.

Interestingly, there are at least seven judgments in Alabama this year against Defendant where it agreed to a judgment based upon similar complaints and allegations.  No motion to strike was filed in any of these seven similar cases.

There was no outrage allegations of "traps" and "poisoning" and "scandals" and all of the other hyperbole Defendant used in its Motion to Strike.  Instead, the Defendant accepted that a judgment should be entered against it.

These judgments, including two in which Defense counsel represented LVNV and agreed to these judgments[5], are attached as Exhibit "C."

The suits and judgments referenced in paragraphs 79-87 fit with pattern and practice allegations, intentional misconduct, and statutory damages among other items.

---

[5] *Shaw v. LVNV*, 2:12-cv-00516-RRA and *Losey v. LVNV*, 5:12-cv-01716-CLS.

Defendant seems confused by saying Plaintiff has to prove these allegations with evidence at trial. (Doc. 6, Motion at 10). This is certainly true of every allegation that is not admitted. The fact that allegations must be proven, if not admitted, is not a reason to say they don't have to be pled or can't be pled. Pleadings and evidence are two different things and they are not mutually exclusive. If the Defendant admits allegations in the Complaint, this will save time in discovery and will streamline the trial presentation.

**V.   Paragraphs 106-107 In The "Invasion Of Privacy" State Law Claim Properly Reference Federal Statutes, Including The FDCPA, Which Recognize Privacy Issues**

Defendant complains that Plaintiff's citing to two federal statutes will "create the impression of rampant wrongdoing . . . that has required Congressional intervention." (Doc. 6, Motion at 12).    Actually, the conclusion (not an impression) is the one made by Congress when Congress found "abundant evidence" of abusive debt collection. And in all the times the law has been amended (as recently as 2006) this language has not been removed.

Congress passed the FDCPA, to specifically address the rampant abuses of the debt collection industry. There is no scandal in pleading the express reason for the existence of the very statute that is the basis of one of Plaintiff's causes of actions.

Congress also concluded that these abusive collection activities lead to "invasions of individual privacy."  15 U.S.C. Section 1692(a).

The other federal statute cited by Plaintiff is to show there is a recognition, not only under Alabama law, but also under Federal law, that privacy is important. These paragraphs form the coherent story to show the plausibility of Plaintiff's allegations and specifically that it is well recognized that privacy is important and that abusive collection practices lead to invasions of privacy.  It is puzzling how merely quoting federal statutes equals "sensationalized arguments."  (Doc. 6, Motion at 12).

## CONCLUSION

The Motion to Strike ignores the requirements of the new pleading rules requiring a plaintiff to set forth as coherent a story as is plausible.

It also ignores that when parties agree to certain factual and legal allegations (by answering "Admitted" to paragraphs of the Complaint), this narrows the issues, saves time and money on discovery, and streamlines the trial, especially in a fee shifting case.

There is no prejudice to Defendant other than it must live with the consequences of its actions and the industry within which it operates.

Respectfully, the Motion should be denied and the Defendants should be required to answer the Complaint within five days of the Order so the merits of this case can be reached as quickly as possible with no further unnecessary delays.

Respectfully Submitted,

/s/ John G. Watts

**John G. Watts (ASB-5819-t82j)**
**M. Stan Herring (ASB-1074-n72m)**
Watts & Herring, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 879-2447
(888) 522-7167 *facsimile*
john@wattsherring.com
stan@wattsherring.com
**Attorneys for Plaintiff**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 31, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Neal D. Moore, III, Esq.
Sarah E. Orr, Esq.
Ferguson, Frost & Dodson, LLP
2500 Acton Road, Suite 200
Birmingham, Alabama 35243


/s/ John G. Watts
OF COUNSEL

# EXHIBIT

# "A"

FILED

2012 Aug-28  PM 01:12
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **SHEREE W. FOSHEE,** | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| **v.** | } | **Case No.:  2:12-CV-02630-RDP** |
| | } | |
| **LVNV FUNDING, LLC,** | } | |
| | } | |
| **Defendant.** | } | |

## ORDER

This case is before the court on Defendant's Motion to Strike Portion of Plaintiff's Complaint (Doc. # 6), filed August 22, 2012.

Federal Rule of Civil Procedure Rule 12(f) states that a court "may strike from a pleading ... any redundant, immaterial, or scandalous matter." Fed. R. Civ. P. 12(f).  However, a motion to strike is a "drastic remedy to be resorted to only when required for the purposes of justice ... ." *Augustus v. Bd. of Public Instruction of Escambia Cnty. Fla*., 306 F.2d 862, 868 (5th Cir.1962) (quoting *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953)). This standard has been interpreted to mean that a motion to strike should be denied unless the challenged allegations in the complaint "have no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." *Royal Ins. Co. of America v. M/Y Anastasia*, 1997 WL 608722 at *3 (N.D. Fla. 1997) (citing *Reyher v. Trans World Airlines, Inc.*, 881 F.Supp. 574, 576 (M.D. Fla. 1995)).  As phrased by Wright and Miller, "it must be shown that the allegations being challenged are so unrelated to the plaintiff's claims as to be unworthy of any consideration as a defense and that their presence in the pleading throughout the proceeding will be prejudicial to the moving party." 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1380

(3d ed.2004) (citations omitted).

The matters sought to be excluded from the Complaint are relevant to show an alleged pattern of conduct. Although Federal Rule of Evidence. 404(b) prohibits the introduction of prior bad acts to prove a defendant's bad character or that he acted in conformity therewith, "the Rule does not preclude the introduction of such evidence to demonstrate a defendant's plan, motive, opportunity, intent, pattern, etc." *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1301 (11th Cir. 2001). Moreover, Rule 406 provides that:

> Evidence of the habit of a person or of the routine practice of an organization, whether corroborated or not and regardless of the presence of eyewitnesses, is relevant to prove that the conduct of the person or organization on a particular occasion was in conformity with the habit or routine practice.

Fed.R.Evid. 406.

Plaintiff is only pursuing a claim in her own name and is not, by mentioning an alleged pattern of  conduct, attempting to assert a claim on behalf of any other person. Therefore, no confusion or prejudice will be caused by the portions of the Complaint objected to by Defendant. Courts have generally been unwilling to grant motions to strike unless there is a showing of prejudicial harm. *Tracfone Wireless, Inc. v. Access Telecom, Inc.*, 642 F.Supp.2d 1354, 1360–61 (S.D. Fla. 2009). Defendant has made no such showing here.[1]

Therefore,  Defendant's Motion to Strike Portion of Plaintiff's Complaint (Doc. # 6) is **DENIED**.

---

[1] To the extent Defendant is concerned about prejudice before a jury, Defendant may, at an appropriate time, raise appropriate evidentiary issues by filing a motion in limine.

**DONE** and **ORDERED** this _____28th_____ day of August, 2012.

_____

**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE

3

# EXHIBIT

# "B"

## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| DUSTIN DEAKLE, | ) | |
| Plaintiff, | ) | |
| v. | ) | CIVIL ACTION NO. 12-00216-CB-N |
| CAVALRY SPV I, LLC, et al., | ) | |
| Defendant. | ) | |

## <u>ORDER</u>

This matter is before the Court on Defendant's motion to strike portions of the complaint. Rule 12 (f) of the Federal Rules of Civil Procedure gives the Court discretion to strike from the complaint "any redundant, immaterial, impertinent, or scandalous matter." "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880 (9th Cir. 1983). Motions to strike are a drastic remedy generally disfavored by the courts, *see, e.g.*, *August v. Bd. of Pub. Instruction of Escambia Co. Florida*, 306 F.2d 862, 868 (5th Cir. 1962). Further, "[m]otions to strike are usually denied 'unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties.'" *Agan v. Katzman & Korr*, 328 F.Supp.2d 1363, 1367 (S.D. Fla. 2004) (quoting *Thompson v. Kindred Nursing Centers East, LLC*, 211 F.Supp.2d 1345, 1348 (M.D.Fla.2002)). Plaintiff has filed a 32-page complaint, which includes one cause of action under the Fair Debt Collections Practices Act along with five state law causes of action. After briefly setting out the parties as well as the bases for jurisdiction and venue, the complaint allots 12 pages (¶¶ 9-47) to "background information" regarding "the debt collection industry in which Defendant

participates" which is followed by two pages of legal argument.  Defendant argues that this much

of this information is prejudicial because of its potential affect on the jury.  However, the

information provided to the jury at trial is derived from the Joint Pretrial Order, not from the

complaint.  Defendant also points out specific material that is redundant or impertinent.   While

this complaint is not a model of draftsmanship and clearly contains more information than is

necessary for a "short and plain statement of the claim" as required by Fed. R. Civ. P. 8(a)(2),

excising portions of the complaint is not an efficient use of judicial resources.

     Accordingly, the motion to strike is **DENIED**.

     **DONE** and **ORDERED** this the 9th day of  April, 2012.

     **s/*Charles R. Butler, Jr.*_____**
     **Senior United States District Judge**

# EXHIBIT

# "C"

**LVNV Judgments with Same or Similar
Paragraphs Defendant Seeks to Strike**

1.   David Flanigan v. LVNV Funding, LLC
     Civil Action No. 2:12-cv-01078-JHH

2.   Steve Losey v. LVNV Funding, LLC
     Civil Action No. 5:12-cv-01716-CLS

3.   Raymond L. Shaw v. LVNV Funding, LLC, et al.
     Civil Action No. 2:12-cv-00516-RRA

4.   Sandra Alverson v. LVNV Funding, LLC, et al.
     Case Number CV-2012-900528

5.   Lisa Billingsley v. LVNV Funding, LLC
     Case Number CV-2011-904380

6.   Roberta M. Fox v. LVNV Funding, LLC, et al.
     Case Number CV-2012-900378

7.   George Stafford, III v. LVNV Funding, LLC
     Case Number CV-2012-900633

FILED

2012 May-09  AM 11:44
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **DAVID L. FLANIGAN, an individual,** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civ. Act. No.: 2:12-cv-01078-JHH** |
| | ) | |
| **LVNV FUNDING, LLC, a corporation;** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

## FINAL JUDGMENT AGAINST LVNV FUNDING, LLC

This action is before the Court on Plaintiff's Notice, filed pursuant to Federal Rule of Civil Procedure 68(a), of his Acceptance of the Offer of Judgment tendered by Defendant LVNV Funding, LLC and his request of entry of judgment in the amount $10,000.00.

Accordingly, it is **CONSIDERED**, **ORDERED**, and **ADJUDGED** that Plaintiff have and recover against Defendant the amount of $10,000.00, which includes attorneys' fees and costs.

Done this the 9th day of May, 2012.

_____
Senior United States District Judge

FILED

2012 Jun-22  PM 01:36
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **STEVE LOSEY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Civil Action No. CV-12-S-1716-NE** |
| | ) | |
| **LVNV FUNDING, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## FINAL JUDGMENT

This action is before the court on "Plaintiff's Acceptance of Offer of Judgment and Request for Entry of Judgment Against Defendant."[1]  Accordingly, and pursuant to Federal Rule of Civil Procedure 68, it is CONSIDERED, ORDERED, and ADJUDGED that plaintiff, Steve Losey, have and recover of defendant, LVNV Funding, LLC, the sum or amount of Ten Thousand and no/100ths Dollars ($10,000.00), which amount shall include costs and attorneys' fees.  The clerk is directed to close this file.

DONE this 22nd day of June, 2012.

_____
United States District Judge

---

[1] Doc. no. 10.

FILED

2012 May-04  PM 03:12
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| **RAYMOND L. SHAW, an individual,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) **Civil Action No.:** |
| **LVNV FUNDING, LLC; EQUIFAX** | ) **2:12-cv-00516-RRA** |
| **INFORMATION SERVICES, LLC;** | ) |
| **TRANS UNION, LLC; EXPERIAN** | ) |
| **INFORMATION SOLUTIONS, INC.,** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

## FINAL JUDGMENT AGAINST LVNV FUNDING, LLC ONLY

This action is before the Court on Plaintiff's Notice, filed pursuant to Federal Rule of Civil Procedure 68(a), of his Acceptance of the Offer of Judgment tendered by Defendant LVNV Funding, LLC only and his request of entry of judgment in the amount $10,000.00 against LVNV Funding, LLC only.

Pursuant to Rule 54(b), this judgment is final as to Defendant LVNV Funding, LLC, as there is no just reason for delay and Plaintiff's claims against the remaining Defendants Equifax Information Services, LLC, Experian Information Solutions, Inc., and Trans Union, LLC are unaffected by this Order and the case will proceed against the remaining Defendants.

Accordingly, it is CONSIDERED, ORDERED, and ADJUDGED that Plaintiff have and recover against Defendant LVNV Funding, LLC the amount of $10,000.00, which includes attorneys' fees and costs.

Done this 4th day of May 2012.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE

167458



AlaFile E-Notice

01-CV-2012-900528.00

Judge: J SCOTT VOWELL

To:  HERRING MYLES STANLEY JR.
     stan@wattsherring.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

SANDRA ALVERSON V. LVNV FUNDING, LLC ET AL
01-CV-2012-900528.00

The following matter was FILED on 4/27/2012 3:01:17 PM

Notice Date:      4/27/2012 3:01:17 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov

ELECTRONICALLY FILED
4/27/2012 3:01 PM
CV-2012-900528.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**

| | |
|---|---|
| SANDRA ALVERSON, an Individual, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | )     Civil Action No.:  CV-12-900528.00 |
| v. | ) |
| | ) |
| LVNV FUNDING, LLC,  BUDZIK & | ) |
| DYNIA, LLC, | ) |
| | ) |
| Defendants. | ) |

## FINAL JUDGMENT AGAINST LVNV FUNDING, LLC

     This action is before the Court on Plaintiff's Notice, filed pursuant to Alabama Rule of Civil Procedure 68(a), of her Acceptance of the Offer of Judgment from Defendant LVNV Funding, LLC and her request of entry of judgment in the amount $10,000.00 which includes damages, fees, and costs.

     Accordingly, it is CONSIDERED, ORDERED, and ADJUDGED that Plaintiff have and recover against Defendant LVNV the amount of $10,000.00, which includes damages, attorneys' fees and costs.

Done this the 27th day of _____, 2012.

_____
Circuit Court Judge



AlaFile E-Notice

01-CV-2011-904380.00

Judge: TOM KING, JR.

To:  HERRING MYLES STANLEY JR.
     stan@wattsherring.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

LISA BILLINGSLEY F/K/A LISA GRAY V. LVNV FUNDING, LLC
01-CV-2011-904380.00

The following matter was FILED on 2/6/2012 9:06:52 AM

Notice Date:      2/6/2012 9:06:52 AM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov


ELECTRONICALLY FILED
2/6/2012 9:06 AM
CV-2011-904380.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**

| | |
|---|---|
| LISA BILLINGSLEY f/k/a LISA GRAY, an individual, | ) <br> ) <br> ) |
|      **Plaintiff,** | ) **Civil Action No.: CV-11-904380.00** <br> ) |
| v. | ) <br> ) |
| LVNV FUNDING, LLC, | ) <br> ) |
|      **Defendant** | ) |

### FINAL JUDGMENT AGAINST LVNV FUNDING, LLC

This action is before the Court on Plaintiff's Notice, filed pursuant to Alabama Rule of Civil Procedure 68(a), of her Acceptance of the Offer of Judgment from Defendant LVNV Funding, LLC and her request of entry of judgment in the amount $10,000.00 which includes damages, fees, and costs.

Accordingly, it is CONSIDERED, ORDERED, and ADJUDGED that Plaintiff have and recover against Defendant the amount of $10,000.00, which includes damages, attorneys' fees and costs.

Done this the 6th day of Feb. , 2012.

_____
Circuit Court Judge Tom King



AlaFile E-Notice

01-CV-2012-900378.00

Judge: ROBERT S. VANCE

To:   HERRING MYLES STANLEY JR.
      stan@wattsherring.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

ROBERTA M. FOX V. LVNV FUNDING, LLC ET AL
01-CV-2012-900378.00

The following matter was FILED on 3/27/2012 1:31:21 PM

Notice Date:        3/27/2012 1:31:21 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov



ELECTRONICALLY FILED
3/27/2012 1:31 PM
CV-2012-900378.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

# IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
## BIRMINGHAM DIVISION

FOX ROBERTA M.,                        )
Plaintiff,                             )
                                       )
V.                                     )  Case No.:    CV-2012-900378.00
                                       )
LVNV FUNDING, LLC,                     )
NORTHLAND GROUP, INC.,                 )
Defendants.                            )

## JUDGMENT

With the plaintiff having timely accepted the defendants' offer of judgment, the following is ORDERED:

JUDGMENT in the amount of $10,000.00 is hereby entered in favor of the plaintiff and against the defendants, for which execution may issue.  This order concludes this litigation, with costs taxed as paid.

**DONE this 27th day of March, 2012.**


**/s/ ROBERT S. VANCE**
**CIRCUIT JUDGE**



AlaFile E-Notice

01-CV-2012-900633.00

Judge: ELISABETH A FRENCH

To:   WATTS JOHN GRIFFIN
      john@wattsherring.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

GEORGE STAFFORD III V. LVNV FUNDING, LLC
01-CV-2012-900633.00

The following matter was FILED on 4/26/2012 12:32:27 PM

Notice Date:        4/26/2012 12:32:27 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov

ELECTRONICALLY FILED
4/26/2012 12:32 PM
CV-2012-900633.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**

GEORGE STAFFORD, III,                                )
                                                                      )
      **Plaintiff,**                                       )
                                                                      )
                                                                      )          **Civil Action No.:  CV-12-900633**
v.                                                                  )
                                                                      )
                                                                      )
LVNV FUNDING, LLC,                                )
                                                                      )
      **Defendant.**                                    )

## FINAL JUDGMENT AGAINST LVNV FUNDING, LLC

This action is before the Court on Plaintiff's Notice, filed pursuant to Alabama Rule of Civil Procedure 68(a), of his Acceptance of the Offer of Judgment from Defendant LVNV Funding, LLC and his request of entry of judgment in the amount $5,000.00, which includes damages, fees, and costs.

Accordingly, it is CONSIDERED, ORDERED, and ADJUDGED that Plaintiff have and recover against Defendant LVNV Funding, LLC in the amount of $5,000.00, which includes damages, attorneys' fees and costs.

Done this the 26th day of April, 2012.


_____
Circuit Court Judge