# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| SHANON JUNELL, | ) |
| | ) |
|     PLAINTIFF, | ) |
| | ) |
| v. | )  CASE NO: 2:12-cv-02642-WMA |
| | ) |
| LVNV FUNDING, LLC, | ) |
| ET AL., | ) |
| | ) |
|     DEFENDANT. | ) |
| | ) |

## ANSWER

COMES NOW, Defendant LVNV Funding, LLC (hereinafter "LVNV") and offers the following answer to Plaintiff's Complaint:

1. The Defendant denies any violation of the FDCPA or Alabama state law, on a single basis, or repeatedly, in regards to the Plaintiff.

2. Denied.

3. Denied.

4. Denied.

5. Denied.

6. Admitted.

## JURISDICTION

7. Admitted.

8. Admitted.

{W0330851.1 }

## VENUE

9. The Defendant admits doing business in this jurisdiction. The Defendant admits on information and belief the Plaintiff is a resident of Alabama, but has insufficient information to admit her place of residence and hence whether venue is appropriate is unknown.

## PARTIES

10. The Defendant admits on information and belief the Plaintiff is a resident of Alabama, but has insufficient information to admit or deny the remaining averments of Paragraph 10.

11. The Defendant admits it is a foreign company that, at times, acts as a debt collector. Whether it acted as a debt collector in this matter is unknown and therefore cannot be admitted at this stage.

## BACKGROUND INFORMATION ON DEBT BUYER LAWSUITS IN ALABAMA

12. This averment is subject to a pending Motion to Strike.

13. This averment is subject to a pending Motion to Strike.

14. This averment is subject to a pending Motion to Strike.

15. This averment is subject to a pending Motion to Strike.

16. This averment is subject to a pending Motion to Strike.

17. This averment is subject to a pending Motion to Strike.

18. This averment is subject to a pending Motion to Strike.

19. This averment is subject to a pending Motion to Strike.

20. This averment is subject to a pending Motion to Strike.

21. This averment is subject to a pending Motion to Strike.

22. This averment is subject to a pending Motion to Strike.

23. This averment is subject to a pending Motion to Strike.

24. This averment is subject to a pending Motion to Strike.

25. This averment is subject to a pending Motion to Strike.

26. This averment is subject to a pending Motion to Strike.

27. This averment is subject to a pending Motion to Strike.

28. This averment is subject to a pending Motion to Strike.

29. This averment is subject to a pending Motion to Strike.

30. This averment is subject to a pending Motion to Strike.

31. This averment is subject to a pending Motion to Strike.

32. This averment is subject to a pending Motion to Strike.

33. This averment is subject to a pending Motion to Strike.

34. This averment is subject to a pending Motion to Strike.

35. This averment is subject to a pending Motion to Strike.

36. This averment is subject to a pending Motion to Strike.

37. This averment is subject to a pending Motion to Strike.

38. Denied.

## **RECOGNITION OF THE WIDESPREAD ABUSE BY COLLECTORS**

39. This averment is subject to a pending Motion to Strike.

40. This averment is subject to a pending Motion to Strike.

41. This averment is subject to a pending Motion to Strike.

42. This averment is subject to a pending Motion to Strike.

### **The Small Claims Complaint**

43. Admitted.

44. Admitted.

45. Admitted.

46. Admitted on information and belief.

47. Admitted.

48. Admitted.

49. Denied.

50. Denied.

51. Denied.

### **Plaintiff Answers the LVNV Lawsuit**

52. Denied.

53. Admitted on information and belief.

54. Admitted on information and belief.

55. Admitted on information and belief.

56. Denied.

57. Denied as phrased.

58. Denied as phrased.

### The Judge Sets the LVNV Lawsuit For Trial

59. Admitted.

60. The Defendant admits notice was sent to its counsel.

61. The Defendant is without sufficient information to either admit or deny the averments in Paragraph 61.

62. Denied.

63. The Defendant denies having no intention to prove its case, and further denies that the trial constituted "a game."

### LVNV Loses The Collection Case

64. Admitted on information and belief.

65. Admitted.

### Defendant LVNV Falsely Credit Reports on Plaintiff's Credit

66. Denied.

67. Denied.

68. Denied.

### Remaining Factual Allegations Against Defendant LVNV

69. Denied.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. The Defendant does not at this stage know whether the underlying debt qualifies as a consumer debt as defined by the FDCPA.

76. See the answer to averment 75.

77. At times the Defendant is a debt collector, depending on the nature of the debt being collected.

78. Denied.

79. This averment is subject to a pending Motion to Strike.

80. This averment is subject to a pending Motion to Strike.

81. This averment is subject to a pending Motion to Strike.

82. This averment is subject to a pending Motion to Strike.

83. This averment is subject to a pending Motion to Strike.

84. This averment is subject to a pending Motion to Strike.

85. This averment is subject to a pending Motion to Strike.

86. This averment is subject to a pending Motion to Strike.

87. This averment is subject to a pending Motion to Strike.

88. Denied.

89. Denied.

90. The Defendant denies engaging in any unlawful conduct.

91.     The Defendant is without sufficient information at this time to either admit or deny the averment in 91.

92.     Denied.

93.     Denied.

94.     Denied.

## SUMMARY

95.     Denied.

96.     Denied.

97.     Denied.

98.     Denied.

99.     The Defendant denies Plaintiff is entitled to any relief whatsoever.

## NEGLIGENT AND WANTON HIRING AND SUPERVISION

100.    Denied.

## CAUSES OF ACTION
## COUNT I.
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692

101.    The Defendant incorporates by reference all of the answers of this Answer as though fully stated herein.

102.    Denied.

103. The Defendant denies any violations of state or federal law and further denies that the Plaintiff is entitled to any relief whatsoever.

## COUNT II.
## INVASION OF PRIVACY

104. The Defendant incorporates by reference all of the answers of this Answer as though fully stated herein.

105. The Defendant denies any violations of state or federal law. The Defendant admits that Alabama law recognizes a cause of action for invasion of privacy.

106. This averment is subject to a pending Motion to Strike.

107. This averment is subject to a pending Motion to Strike.

108. Denied.

109. Denied.

110. The Defendant denies violating any right to privacy possessed by the Plaintiff.

111. Denied.

112. The Defendant denies Plaintiff is entitled to any relief whatsoever.

113. Denied.

## COUNT III.
## NEGLIGENT, WANTON, AND/OR INTENTIONAL HIRING AND SUPERVISION OF INCOMPETENT DEBT COLLECTORS

114. The Defendant incorporates by reference all of the answers of this Answer as though fully stated herein.

115. Denied.

116. The Defendant denies that its collectors engage in unlawful conduct.

{W0330851.1 }

117. The Defendant denies any violations of state or federal law. The Defendant further denies the Plaintiff is entitled to any relief whatsoever.

## COUNT IV.
## NEGLIGENT, WANTON, AND INTENTIONAL CONDUCT

118. The Defendant incorporates by reference all of the answers of this Answer as though fully stated herein.

119. Denied.

120. Denied.

121. Denied.

122. Denied.

123. Denied.

124. Denied.

125. Denied.

126. Denied.

127. Denied.

## COUNT V.
## MALICIOUS PROSECUTION AND ABUSE OF PROCESS AGAINST DEFENDANT LVNV

128. The Defendant incorporates by reference all of the answers of this Answer as though fully stated herein.

129. Denied.

130. Denied.

131. Denied.

{W0330851.1 }

132. Denied.

133. To the extent the averment in Paragraph 133 seeks a legal conclusion, it cannot be fairly admitted or denied. The remaining averments in Paragraph 133 are denied.

134. Denied.

135. Denied.

136. Admitted.

137. Denied.

138. Denied.

139. Denied.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, the Defendant denies Plaintiff is entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

1. Defendant pleads the general issue.

2. Defendant pleads not guilty.

3. Defendant pleads the Complaint fails to state a claim or cause of action upon which relief can be granted.

4. Defendant pleads all the Plaintiff's claims and causes of action asserted against it are subject to arbitration by way of an arbitration agreement voluntarily entered into by the Plaintiff.

5. Defendant pleads the applicable statute of limitations.

6.	Defendant denies the Plaintiff has suffered any legally recognizable damages as a result of any act, error, or omission of this Defendant.

7.	Defendant pleads the Plaintiff has failed to mitigate damages in accordance with Alabama law.

8.	Defendant denies the breach of any duty between itself and the Plaintiff.

9.	Defendant pleads the lack of any causal relationship between its actions and/or omissions and the damages claimed by the Plaintiff.

10.	Defendant pleads any actual damages the Plaintiff has suffered are the result of acts or admissions of individuals or entities other than this Defendant.

11.	Defendant pleads it took no action to cause intentional injury to the Plaintiff and at all times acted in good faith and without malice, knowledge of wrongdoing, or willfulness.

12.	Defendant pleads any award of punitive damages is unwarranted and violative of the due process clauses of the United State and Alabama Constitutions.

13.	Plaintiff cannot recover punitive damages against the Defendant because such an award, which is penal in nature, would violate the Defendant's constitutional rights protected under the United States and Alabama Constitutions unless the Defendant is afforded the same procedural safeguards as are criminal defendants, including, but not limited to, the right to avoid self-incrimination and a requirement of proof beyond a reasonable doubt.

14.	To avoid waiver, the Defendant pleads the defense of contributory negligence.

15.     Defendant avers that the imposition of punitive damages in this case without any limitations or guidelines for the jury will violate the Defendant's right to due process guaranteed by the Fourteenth Amendment to the Constitution of the United States and Article I, Section 6, of the Alabama Constitution.

16.     Defendant avers § 6-11-21 Alabama Code (1975) places a maximum limit of "three times the compensatory damages of the party claiming punitive damages or five hundred thousand dollars ($500,000), whichever is greater" on punitive damages recoverable, if at all, by the Plaintiff in this case.

17.     Defendant avers the public policy of the State of Alabama as set forth in § 6-11-21 Alabama Code (1975) established a maximum limited on punitive damages recoverable (if any) by the Plaintiff and that Plaintiff cannot recover more than the limit established by the public policy of this state.

18.     Defendant denies any acts or omission which gives rise to Plaintiff's recovery of punitive damages in this case, but should a jury award punitive damages, in a verdict of more than the amount allowable under Alabama Code § 6-11-21, it is void as the proximate result of § 6-11-21 of the Alabama Code (1975).

19.     The Defendant pleads the voluntary payment doctrine.

20.     As discovery is ongoing, the Defendant reserves the right to assert additional affirmative defenses as they may become known.

21.     The Defendant pleads that some or all of Plaintiff's claims are preempted by applicable federal law, including the FDCPA and the FCRA.

22.     The Defendant pleads litigation immunity and/or litigation privilege.

{W0330851.1}

23. The Defendant pleads conditional privilege, absolute privilege, and/or qualified privilege.

Respectfully submitted,

/s/ Neal D. Moore
Neal D. Moore, III
Sarah E. Orr
*Attorneys LVNV Funding, LLC*

## CERTIFICATE OF SERVICE

This is to certify that on this the 6th day of September, 2012, a copy of the forgoing document has been served upon counsel for all parties to this proceeding via electronic filing:

John G. Watts
M. Stan Herring
Watts & Herring, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama  35203
john@wattsherring.com
stan@wattsherring.com

/s/ Neal D. Moore, III
OF COUNSEL

{W0330851.1 }